UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT MORALES,                              :
                                             :
                        Plaintiff,           :
                                             :         09 CV 8714 (HB)
    - against -                              :
                                             :         OPINION & ORDER
THE LONG ISLAND RAIL ROAD                    :
COMPANY,                                     :
                                             :
                        Defendant.           :
------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

Robert Morales brings this action against The Long Island Rail Road Company ("the LIRR"), in which he claims that he was discriminated against through disparate treatment because of his race and color and subjected to a hostile work environment. Morales's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendant LIRR moves to dismiss Morales's Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The LIRR asserts that (1) Morales has failed to allege an adverse employment action with regard to his disparate treatment claim; (2) Morales has failed to allege any causal connection between discriminatory conduct toward him and his hostile work environment claim; and (3) Morales has failed to exhaust his administrative remedies with regard to his hostile work environment claims. For the reasons discussed below, the LIRR's motion is granted in part and denied in part.

## I.     BACKGROUND

Morales, a non-white Hispanic male who is currently forty-one years of age, began working for the LIRR on June 24, 1996 as a Machinist in the LIRR's Maintenance of

Equipment Department. According to Morales, he was at work on May 21, 2007, when he
"took a moment to reflect and pray" with his eyes closed.  When he opened his eyes, he
discovered that he was being watched by Brian Donlan, a supervisor.  Morales told Donlan
that he was praying, but was charged with "sleeping or assuming the position of sleep,"
which is a violation of the Maintenance of Equipment Department Code of Conduct.  He
was also charged with theft of wages, and was told to appear for a trial at an LIRR office on
June 7, 2007.

Morales appealed the charges, and on March 14, 2008 was offered a "trial waiver,"
pursuant to which he agreed to waive his right to a trial through the LIRR disciplinary
system.  In exchange, Morales pleaded guilty to the charges, and agreed to a five-day
suspension from work.  The suspension, but not the plea, was to be held in abeyance until
May 21, 2008, a procedure akin to an adjournment in contemplation of dismissal used
frequently in New York state criminal courts.  Morales was never suspended, because he met
the conditions of the plea, *i.e.*, he was not charged with any other work-related offense
during the period ending May 21, 2008; nonetheless, his guilty plea was recorded on his
permanent record.  Morales alleges that Donlan and other supervisors and employees of the
LIRR acted in a discriminatory manner and created a hostile work environment when they
falsely charged Morales with violating the Code of Conduct.  He claims that other employees
have been found "actually sleeping [on the job] and not received any punishment," and
believes that the charge leveled against him was a result of discrimination because of his race
and color.  Morales Aff., Nov. 20, 2008.[1]  Finally, Morales alleges that discrimination against
him continued after the date of the incident, May 21, 2007, which led him to experience a

_____

[1] The EEOC Affidavit is part of the Complaint.  Pursuant to Federal Rule of Civil Procedure
10(c), "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all
purposes."

hostile work environment at the hands of Dolan and other supervisors and employees of the LIRR. Cplt. ¶ 14. Unfortunately, there is not a single incident to support this allegation – causing one to inquire, "where's the beef?"

On December 30, 2008, Morales filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC"). On July 14, 2009, the EEOC mailed Morales a Notice of Right to Sue, instructing Morales that he had 90 days to commence his action in federal court. Morales filed his Complaint on October 13, 2009, 91 days after the Notice was sent by the EEOC, but presumably within 90 days of his receipt of the Notice, which must have taken at least one day to reach him by mail.[2] Thus, this action was timely filed.

## II.     LEGAL STANDARD

According to the Supreme Court's most recent decisions, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The requirement that the court accept all factual allegations as true does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific inquiry" that requires application of

---

[2] When assessing timeliness, a court may assume that a right-to-sue letter was mailed on the date shown on the document and that a mailed document was received three days after mailing. *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996). By these guidelines, Morales was well within the 90-day window allowed for commencement of this action.

"judicial experience and common sense." *Id.*

With respect to employment discrimination cases, in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), which preceded *Twombly* and *Iqbal*, the Supreme Court rejected a heightened pleading requirement for Title VII cases.  The Court held that an employment discrimination complaint need not allege specific facts that establish a prima facie case of discrimination. *Id.* at 514.  Rather, an employment discrimination complaint "must include only a short and plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (internal quotations and citations omitted); see also *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).  In *Twombly*, the Supreme Court explicitly affirmed the *Swierkiewicz* pleading standard for employment discrimination claims. See 550 U.S. at 547, 127 S.Ct. 1955 ("This analysis does not run counter to *Swierkiewicz* .... Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.") (internal quotations and citations omitted); see also *Iqbal*, 129 S.Ct. at 1953 ("Our decision in *Twombly* expounded upon the pleading standard for all civil actions, and it applies to antitrust and discrimination suits alike.") (internal quotations and citation omitted).

Accordingly, to overcome a motion to dismiss, a complaint in a Title VII case need not establish a prima facie case of employment discrimination, but the complaint must be facially plausible and must give fair notice to the defendants of the basis for the claim. *Barbosa v. Continuum Health Partners, Inc.*, 2010 WL 768888 at *3 (S.D.N.Y. March 8, 2010) (SAS); *see also Fowler v. Scores Holding Co., Inc.*, 677 F.Supp.2d 673, 678 (S.D.N.Y. 2009) (VM).

### III.    DISCUSSION

**A.  Disparate Treatment under Title VII**

"To prevail on a Title VII disparate treatment claim, a plaintiff must ultimately prove that "'(1) he is a member of a protected class; (2) he is competent to perform the job or is performing his duties satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class.'" *La Grande v. Descrescente Distrib. Co., Inc.*, 2010 WL 1049320 at *4 (2d Cir. March 23, 2010) (quoting *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005). At the pleading stage, a plaintiff need not satisfy the required elements of disparate treatment, but must plead sufficient facts to "give the defendant fair notice…of what the claim is and the grounds upon which it rests." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (Sotomayor, J.) (quoting *Erickson v. Pardus*, 551 U.S. 89, 92 (2007)).

A complaint that contains specific factual allegations as to events leading up to an adverse action, accompanied by conclusory allegations of discriminatory intent, suffices to state a discrimination claim. *Boykin*, 521 F.3d at 214-15. It is, however, critical that the plaintiff point to some adverse action. *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). Everyday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions. *La Grande*, 2010 WL 1049320 at *4. Rather, a plaintiff must allege some "materially significant disadvantage" with respect to the terms of his employment, such as termination, a demotion, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities, or other indices unique to a particular situation. *Id.*

Here, the allegations in the Complaint are sufficient to overcome the motion to dismiss

on Morales's disparate treatment claim.  Morales, a non-white Hispanic male, has worked for

the LIRR "continuously" since his date of hire in 1996 (*see* Pl's Br. 7); the LIRR does not

contest that he is a member of a protected class who is both competent and qualified to

perform his job.  As to the third prong of the disparate treatment test, the Court finds that it

is at least plausible that Morales experienced an adverse employment action.  Although he

did not actually serve his suspension, it was noted in his permanent record.  "Whether an

undesirable employment action qualifies as being 'adverse' is a heavily fact-specific,

contextual determination," *Rolon v. Ward*, 345 Fed.Appx. 608, 609 (2d Cir. 2009); therefore, it

would be premature to conclude at the motion to dismiss stage that Morales has not alleged

an adverse employment action.  Although "reprimands and excessive scrutiny do not

constitute adverse employment actions in the absence of other negative results…such as

being placed on probation," *Dauer v. Verizon Communications Inc.*, 613 F.Supp.2d 446, 461

(S.D.N.Y. 2009) (PGG), it is at least plausible that Morales was subject to excessive scrutiny

between March 14, 2008, when he received his trial waiver, and May 21, 2008, the end of the

probationary period during which his suspension was held in abeyance.  Morales also claims

that he lost employment opportunities in the form of promotions.  Although he does not

allege specifically what sort of promotion, this Court cannot determine on a motion to

dismiss that Morales did not experience a "setback to [his] career" (*Williams v. City of New

York*, __ F. Supp.2d __, 2010 WL 749361 (S.D.N.Y. March 4, 2010) (DC)).  Indeed, with

this kind of a write-up in his personnel file, promotions are likely to be few and far between.

Finally, Morales alleges that LIRR employees of other races "have been caught actually

sleeping and not received any sort of punishment."  Morales EEOC Aff.  Again, on a

motion to dismiss, these allegations satisfy the fourth prong of the prima facie case, *i.e.*, that

the action taken against him may be construed as having occurred "under circumstances

giving rise to an inference of discrimination based on his membership in the protected class." *La Grande*, 2010 WL 1049320 at *4.  Morales has adequately plead his claim for disparate treatment under Title VII; therefore, the LIRR's motion to dismiss this claim is denied.

**B.  Hostile Work Environment Under Title VII**

To maintain a Title VII discrimination claim in federal district court, including a claim for hostile work environment, a plaintiff must first exhaust his or her administrative remedies by "filing a timely charge with the EEOC or with 'a state or local agency,'" *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)), so that such an agency can in the first instance investigate the claim.  If a claim is not raised, it obviously cannot be investigated and any such claim brought later will be dismissed. However, even if not specifically raised before the EEOC, claims may nevertheless be raised in the complaint if they are "reasonably related" to those that were raised before the agency. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005).  To determine whether the claims are "reasonably related," the court must focus on the nature of the factual allegations in the EEOC complaint and whether what was alleged should have put the EEOC on notice of the charge so that the agency would begin an investigation.  *See Williams v. N.Y. City Hous. Auth.,* 458 F.3d 67, 70 (2d Cir. 2006).  The Second Circuit recognizes two additional types of "reasonably related" claims: those alleging "retaliation by an employer against an employee for filing an EEOC charge," and those alleging "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Holtz*, 258 F.3d at 83 n 6 (internal quotations omitted).

Here, Plaintiff's EEOC complaint alleges a single discrete act of discrimination without any reference to continuing activity.  *See* EEOC Aff.; Def. Br. at 6.  Morales's

EEOC Complaint describes only what occurred on May 21, 2007, when he was written up for sleeping on the job, and does not allege any further acts of discrimination; in addition, Morales did not check the "continuing action" box on the EEOC form. *Id.* "Ordinarily, a race-based hostile work environment claim must involve 'more than a few isolated incidents of racial enmity.'" *La Grande,* 2010 WL 1049320 at *3 (quoting *Williams v. County of Westchester*, 171 F.3d 98, 100-01 (2d Cir. 1999). While Morales stated on the EEOC complaint—in the box marked "Dates Discrimination Took Place"— that he experienced discrimination from "May 21, 2007 through March 14, 2008," he makes no claim that the alleged discrimination on the basis of his race and color continued during this period. It appears that he is referencing the "long and drawn out process" that he went through to appeal the charges against him until he received a trial waiver on March 14, 2008, but not alleging that this period was permeated with a discriminatory animus.

Furthermore, Morales does not claim in his federal court complaint that he was retaliated against for filing a charge of discrimination with the EEOC, nor does he allege that he experienced repeated incidents of discrimination carried out in precisely the same manner as the alleged discrimination he experienced on May 21, 2007.

Although we accept all factual allegations as true, *Twombly*, 550 U.S. at 556, it is difficult to see how the EEOC would have been on notice of a hostile work environment based on Morales's allegation that he was discriminated against when he was written up for sleeping on the job, in the absence of any causal connection between the charge of sleeping on the job and hostility in the workplace. Morales could not reasonably expect that his hostile work environment claim could emerge within the scope of the EEOC's investigation of the sleeping on the job charge, nor has he shown any other way in which his hostile work environment claims are "reasonably related" to the incident he described in his EEOC

charge. The hostile work environment claim must be dismissed.

## V.    CONCLUSION

Defendant LIRR's motion to dismiss is hereby DENIED as to Plaintiff's claim of

disparate treatment and GRANTED as to Plaintiff's claim of a hostile work environment.

The Clerk of the Court is directed to close this motion. The parties are directed to proceed

according to the Pre-Trial Scheduling Order of January 7, 2010.

**SO ORDERED**
**May 14, 2010**
**New York, New York**

U.S.D.J.

9